UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LYNELL KING, aka Abdullah Saddiq, AB6641,<br><br>          Plaintiff,<br><br>     v.<br><br>S. R. ALBRITTON, et al.,<br><br>          Defendants. | Case No. 15-cv-06318-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff is a practicing Muslim. As part of his religious beliefs, plaintiff must pray five times daily at specified times, including specifically at Zhur (noon) and Asr (afternoon) prayer during "opening dayroom" when all prisoners are allowed to participate in recreational activities. Plaintiff believes that, by doing so, he will receive between 25-27 times more blessings during a congregational prayer than during individual prayer.

On September 22, 2013, non-defendant Correctional Sergeant Dutton prohibited plaintiff and other Muslim prisoners from offering congregational prayers of more than 4 prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff. Plaintiff and other Muslim prisoners filed a group administrative appeal, complaining that they were being discriminated against based on their religion. At the third level of review, plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May 14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregational

prayer of no more than 15 prisoners during "open dayroom."

However, on November 17, 2014, defendants Albritton and Kluger informed plaintiff and other Muslim prisoners that congregational Zhur and Asr prayer during open dayroom was no longer permitted.  Plaintiff was told that Muslim prisoners could have one congregational prayer per day during "open dayroom" between 7:30 p.m. and 9:00 p.m.  Muslim inmate Khalifah E.D. Saif'ullah filed an administrative appeal the next day against defendants.  At the third level of review, the appeal was granted, and the warden was ordered to conduct another Religious Review Committee to modify the May 14, 2014 order by offering congregational prayer five times a day to Muslim prisoners, especially during "open dayroom."

In the underlying federal complaint, plaintiff alleges that defendants have refused to comply with this third level of review directive, and prison officials have not conducted a Religious Review Committee meeting.  Plaintiff also alleges that Muslim prisoners are currently not allowed to meet in groups of 5 or more for congregational prayer groups while Christians and Jewish prisoners are permitted to meet for congregational prayer as often as they want during "open dayroom."

Liberally construed, plaintiff has stated cognizable claims that defendants violated the First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon **Associate Warden S.R. Albritton** and **Correctional Lt. R. Kluger** at **San Quentin State Prison**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2.   In order to expedite the resolution of this case, the Court orders as follows:

3

a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

4

1    as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

2    documents and show that there is a genuine issue of material fact for trial. If you do not submit

3    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

4    If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v.

5    Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

6        Plaintiff also is advised that a motion to dismiss for failure to exhaust available

7    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

8    prejudice. You must "develop a record" and present it in your opposition in order to dispute any

9    "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d

10   1108, 1120 n.14 (9th Cir. 2003).

11       (The Rand and Wyatt notices above do not excuse defendants' obligation to serve said

12   notices again concurrently with motions to dismiss for failure to exhaust available administrative

13   remedies and motions for summary judgment. Woods, 684 F.3d at 939).

14       4.    All communications by plaintiff with the Court must be served on defendants'

15   counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard

16   any document which a party files but fails to send a copy of to his opponent. Until a defendants'

17   counsel has been designated, plaintiff may mail a true copy of the document directly to

18   defendants, but once a defendant is represented by counsel, all documents must be mailed to

19   counsel rather than directly to that defendant.

20       5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

21   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

22   before the parties may conduct discovery.

23       6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

24   Court informed of any change of address and must comply with the Court's orders in a timely

25   fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

26   to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

27   pending case every time he is moved to a new facility.

28       7.    Any motion for an extension of time must be filed no later than the deadline sought

to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: March 24, 2016

_____
JON S. TIGAR
United States District Judge